## GOODLOW WOOD v. V. M. COLE ET AL.

### Decided February 13, 1901.

**1.—Marriage of Slaves—Validity.**

Marriages such as existed between negro slaves with the consent of their-
masters were void in law, but where they voluntarily continued the relation of
husband and wife after their emancipation, such continuance of the relation is:
deemed a valid common-law marriage. .

**2.—Same—Burden of Proof in Trespass to Try Title.**

Where plaintiff, as widow of a deceased former slave by virtue of a slave-
marriage, sued in trespass to try title for lands acquired by him, it devolved
on her to prove that she and the deceased lived together as husband and wife:
after their emancipation.

Appeal from Lamar.   Tried below before Hon. E. S. Chambers..

*Allen & Dohoney,* for appellant.

*Moore, Park & Birmingham,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant:
against M. E. Cole and her husband, V. M., and Addie Wood, in the
form of an action of trespass to try title to recover a half interest in.
certain lands which she alleged were acquired as community property
during her marriage, with one Aaron Wood.   One Bessie Lewis inter-
vened, claiming an interest in the property.   The case was tried with-
out a jury, and judgment was rendered in favor of appellees.

The conclusions of fact found by the court are as follows:    Aaron.
Wood, now deceased, and Goodlow Wood, the plaintiff, were negro slaves.
until their emancipation on June 19, 1865.   With the consent of their-
master, they were married in 1858, after the manner of slaves, and so·
lived together as husband and wife until some time in 1864 or 1865,
when Aaron and Aggie Ball, a negress and formerly a slave, began to·
cohabit occasionally.   And in the latter part of December, 1865, they
commenced living together regularly as man and wife, recognizing each
other and recognized by the community in which they lived as sustaining·
such relation, until the death of Aggie, on May 1, 1891.   In March,.
1867, M. E. Cole, one of the defendants, was born to them.   On the 4th
day of February, 1868, a marriage license was procured, and the mar-·
riage rites between Aaron and Aggie regularly solemnized by virtue;
thereof.   M. E. Cole was the only child of their marriage, and she was.
recognized and treated by both as their child.

All the property in controversy was acquired by the joint labor and
effects of Aaron and Aggie, and all, except one tract, was acquired after·
the marriage ceremony under the license was performed.

After the death of Aggie, Aaron Wood married the defendant, Addie
Wood, and, on the 27th day of May, 1899, he died intestate in Lamar·
County, Texas.   His widow, Addie, and M. E. Cole, his child, survived.

him. In December, 1899, a posthumus son of Aaron Wood was born unto his widow. This child died the following March, leaving his mother, Bessie Lewis, his half sister, and M. E. Cole as his heirs.

These conclusions are sustained by the evidence. It will be noticed that the trial judge did not find directly whether Aaron and Goodlow lived together as husband and wife after the 19th of June, 1865. But the evidence, though conflicting, is sufficient to warrant the conclusion that they did not after that time so live together.

In order to successfully maintain this action its was incumbent upon the appellant to prove a marriage valid in law to Aaron Wood, and that the relationship of husband and wife existed between them when the property in controversy was acquired and continued up to the time of Aaron's death. It is well settled that such marriages as existed between negro slaves were void. Timmins v. Lacy, 30 Texas, 136; Livingston v. Williams, 75 Texas, 655; Hall v. United States, 2 Otto, 27; Adams v. Sun, 25 So. Rep., 893; Scott v. Raub, 14 S. E. Rep., 178; Renfrow v. Renfrow, 56 Pac. Rep., 534; McDowell v. Sapp, 39 Ohio St., 558. This propoistion is not denied. But if, having married after the manner of slaves during bondage, they voluntarily continued the relation of husband and wife after their emancipation, such continuance of the relation would be deemed a valid common-law marriage. Cumby v. Garland, 25 S. W. Rep., 673. The contention of appellant is that such relation did so continue. This is purely a question of fact, which it devolved upon her to establish. If it should be conceded that order No. 3 issued by General Granger on the 19th day of June, 1865 (2 Paschal's Digest of Laws of Texas, article 1492), legally abolished slavery in Texas, and conferred upon them all the rights of citizenship and imposed upon them all its reciprocal duties and obligations (which the writer does not and never did believe), still the evidence is insufficient to show that Aaron and Goodlow, after the 19th day of June, 1865, continued to live together as husband and wife. This not being established, appellant can not recover.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.